UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA R. VECERA,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-205

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 7), Plaintiff's reply (doc. 8), the administrative record (doc. 5),[3] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of September 15, 2012.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

PageID 152-57.  Plaintiff suffers from a number of impairments including, among others, a spinal disorder with residual effects of multi-level fractures, a pelvic disorder with residual effects of a fracture, a left should disorder, fibromyalgia, affective disorder, and anxiety disorder.  PageID 47.

After initial denial of her claims, Plaintiff received a hearing before ALJ Christopher L. Dillon on February 4, 2014.  PageID 67-90.  The ALJ subsequently issued a written decision finding Plaintiff not "disabled."  PageID 44-61.  The ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since September 15, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: spinal disorder with residual effects of multi-level fractures, pelvic disorder with residual effects of fracture, left should disorder, fibromyalgia, affective disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, and 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity ["RFC"] for work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; standing and/or walking for a total of no more than 2 hours per work day; the option every 30 minutes to stand for up to 5 minutes at the workstation before returning to a seat position; no climbing of ropes/ladders/ scaffolding; no more than occasional ability to perform all other postural activity; no more than frequent reaching but no reaching above shoulder level; no more than frequent handling and fingering; no more than frequent interaction with supervisors, co-workers, and the public; no more than simple, routine, repetitive tasks.

6. No finding regarding past relevant work is made (20 CFR 404.1565 and 416.965).

    7.        The claimant was born [in] 1972. She will attain age 42 in . . . 2014. At age 42, she is classified as a "younger individual" age 18-49 for Social Security purposes (20 CFR 404.1563 and 416.963).

    8.        The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

    9.        The issue of "transferability" of any acquired work skills is immaterial (20 CFR 404.1568 and 416.968).

    10.       Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

    11.       The claimant was not "disabled," as defined in the Social Security Act, from September 15, 2012 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 47-61.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 34-38. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    **B.**    **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 47-61. Both Plaintiff and the Commissioner summarize the record evidence. Doc. 6 at PageID 1125-33; doc. 7 at PageID 1141-44. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as the summary of the evidentiary record presented by the parties. Where applicable, the Court will identify the medical evidence relevant to this Report and Recommendation.

II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statements of Errors, Plaintiff argues that the ALJ erred in: (1) creating his own medical opinion and relying on speculation to determine the medical severity of Plaintiff's impairments; (2) weighing the limitations opined by examining physician, Aivars Vitols, D.O.; and (3) constructing an RFC inconsistent with the evidence of record. Doc. 6 at PageID 1133-38. Plaintiff's three assignments of error are evaluated together.

A person's RFC is the most that individual can do despite all physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

With regard to medical source opinions, the Commissioner's regulations specifically require that, "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given the opinions of a State agency medical … consultant[.]" 20 C.F.R. § 404.1527(e)(2)(ii). The ALJ's explanation in this regard must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009). However, an ALJ need not give "an exhaustive factor-by-factor analysis." *Cf. Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (citations omitted). In weighing differing medical opinion evidence, an ALJ must consider the factors set forth in 20 C.F.R. § 404.1527(c), which include: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source[.]" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The record in this case contains opinions from three medical sources, namely: (1) record-reviewer Gerald Kylop, M.D.; (2) examining physician Dr. Vitols; and (3) record-reviewer Maria Congbalay, M.D. While the ALJ discussed all three opinions, he specifically accorded weight to only one medical source opinion, *i.e.*, that of record-reviewer Dr. Kylop, whose opinion the ALJ

gave "little weight." PageID 54-55. Given the ALJ's rejection of the only medical source to whom he actually assigned weight, a question exists regarding what medical source opinion the ALJ relied upon in determining the RFC.

With regard to examining physician Dr. Vitols and record-reviewer Dr. Congbalay, in addition to not assigning either opinion any specific weight, the ALJ merely summarized their findings and opinions and failed to analyze any of the required factors set forth in 20 C.F.R. § 404.1527(c). The ALJ's failure to specifically analyze and weigh those opinions under 20 C.F.R. § 404.1527(c) constitutes reversible error. *See O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015).

In addition to the foregoing error, the ALJ failed to address all of Plaintiff's limitations, notably, Plaintiff's ability to sit during an eight-hour workday. Dr. Vitols concluded that Plaintiff was limited to sitting for "four hours . . . but no longer than 30 minutes at a time without interruption." PageID 54. Dr. Congbalay, on the other hand, concluded Plaintiff can "sit . . . as much as six hours . . . during any given eight-hour workday." PageID 54. Although the ALJ found that Plaintiff must "be provided the option every 30 minutes to stand for up to five minutes at the workstation before returning to a seated position," the ALJ never made any finding regarding the length of time Plaintiff is able to sit during the workday.[4] PageID 55. *See Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012) (holding that "[a]n RFC must be specific about the required frequency of standing and sitting"); *see also* SSR 96-9p, 1996 WL 374185, at *6-7 (July 2, 1996) (stating that "[t]he RFC assessment must be specific as to the frequency of the

---

[4] The undersigned also notes that, although the ALJ found Plaintiff must have the "option every 30 minutes to stand for up to five minutes at [her] workstation before returning to the seated position," the ALJ failed to indicate whether this five minute span was "productive" or "unproductive" work time. Notably, the vocational expert testified that Plaintiff would be disabled if the five minutes was required to be "unproductive" time, *i.e.*, a five minute mandatory break every half hour. PageID 86. The ALJ made no finding in regard to the five minutes being "productive" or "unproductive" time.

individual's need to alternate sitting and standing"). This omission serves as a separate basis justifying reversal and remand.

Finally, the ALJ also failed to provide any specific rationale or evidence of record appropriately explaining why he omitted certain environmental limitations in the RFC notably, Plaintiff's need to avoid exposure to excessive vibration as opined by Dr. Vitols. PageID 55-56. In this regard, the ALJ stated, "I find no medical necessity to impose environmental restrictions as indicated by Dr. Vitols," because "[i]t has not been established that [Plaintiff] requires a limitation to avoid exposure to excessive vibration." PageID 55-56. Given the Plaintiff's lower back pain and coccydynia, it would have been reasonable for a medical doctor to include such a limitation, and the ALJ's reason for rejecting that limitation is unsupported by substantial evidence. *See Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (concluding the ALJ improperly substituted his lay opinion for that of a medical expert, and the ALJ's rejection of the medical expert's opinion was unsupported by substantial evidence). This is yet another basis justifying reversal and remand.

**IV.**

The Court next determines whether this case must be remanded for further proceedings or for an immediate award of benefits. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is

8

overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming in light of differing medical source opinions of record.  Accordingly, the undersigned concludes that remand for further proceedings is proper.  On remand, the ALJ should appropriately review all evidence of record, and determine anew Plaintiff's disability status.

## V.

For the foregoing reasons, **IT IS RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this case be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.


Date:   July 12, 2016                             *s/ Michael J. Newman*
                                                  Michael J. Newman
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).